IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL ACTION NO. |
| v. | ) | 2:16cr570-MHT |
| | ) | (WO) |
| ADRIAN DESHAWN THOMPSON | ) | |

OPINION AND ORDER

This cause is before the court on the parties' agreement, made on the record in open court on July 26, 2017, to continue the jury selection and trial of defendant Adrian Deshawn Thompson.  For the reasons set forth below, the court finds that jury selection and trial, now set for August 7, 2017, should be continued pursuant to 18 U.S.C. § 3161(h)(7).

While the granting of a continuance is left to the sound discretion of the trial judge, United States v. Stitzer, 785 F.2d 1506, 1516 (11th Cir. 1986), the court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161.  The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an

> offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."

§ 3161(c)(1). The Act excludes from the 70-day period any continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." § 3161(h)(7)(A). In granting such a continuance, the court may consider, among other factors, whether the failure to grant the continuance would "result in a miscarriage of justice," § 3161(h)(7)(B)(i), or "would deny counsel for the defendant ... reasonable time necessary for effective preparation, taking into account the exercise of due diligence." § 3161(h)(7)(B)(iv).

The court concludes that, in this case, the ends of justice served by granting a continuance outweigh the interest of the public and Thompson in a speedy trial. Based on a psychological evaluation conducted by Dr.

Lauren Reba-Harrelson, the court has separately concluded that Thompson should be committed for an examination of whether he is competent to understand the nature and consequences of the proceedings against him or to assist properly in his defense; the examiners will also opine on other issues related to Thompson's mental state.  The Bureau of Prisons has not yet designated the Federal Medical Center to which Thompson will move.  After the designation is made, it will take at least another two weeks before Thompson arrives at the Medical Center and can meet with a staff psychiatrist for his competency evaluation.  The psychiatrist's report will not be available until October or even later.  Because this report is critical to the determination of Thompson's competency to stand trial as well as other issues, the court will continue Thompson's trial until such time as the report is completed.

**\*\*\***

**Accordingly, it is ORDERED that the jury selection and trial for defendant Adrian Deshawn Thompson, now set for August 7, 2017, are continued generally.**

**DONE, this the 28th day of July, 2017.**

/s/ Myron H. Thompson
**UNITED STATES DISTRICT JUDGE**