IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL ACTION NO. |
| | ) | 2:16cr570-MHT |
| ADRIAN DESHAWN THOMPSON | ) | (WO) |

OPINION AND ORDER

Defendant Adrian Deshawn Thompson is charged in a five-count indictment with three separate counts of drug possession with intent to distribute (alprazolam, hydrocodone, and amphetamine); one count of marijuana possession; and one count of possession of a firearm in furtherance of a drug-trafficking offense.

The question before the court is whether Thompson has the mental capacity to stand trial, that is, whether he is currently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is not able to understand the nature and consequences of the proceedings against him or to assist properly in his defense. *See* 18 U.S.C. § 4241(a). Based on two psychological evaluations, the

court finds that Thompson currently has the mental capacity to stand trial.

The question of Thompson's competence to stand trial first came to the court's attention upon receipt of a psychological evaluation conducted at the behest of the defense. Thompson has a history of psychosis, most prominently displayed as paranoid delusions, and has twice been admitted to an inpatient psychiatric hospital: once for suicidal ideation and once for paranoia, depression, and suicidal ideation. *See* Reba-Harrelson Report (doc. no. 30) at 23; 8-10. The defense psychologist, Dr. Lauren Reba-Harrelson, diagnosed Thompson with Unspecified Schizophrenia Spectrum and Other Psychotic Disorder, and Unspecified Depressive Disorder. See *id.* at 22. She also found that he has a history of substance abuse and was suffering from Opioid Use Disorder and Cannabis Use Disorder at the time of the evaluation. *See id.* at 22-23. She did not, however, opine as to his competency to stand trial.

2

In light of Dr. Reba-Harrelson's report, the court ordered a competency-to-stand-trial evaluation at the Federal Bureau of Prisons (BOP). Competency Order (doc. no. 32). The BOP psychologist, Dr. Allyson Wood, made a primary diagnosis of Unspecified Personality Disorder with Paranoid Features, Opiate Use Disorder and Cannabis Use Disorder. *See* Competency Report (doc. no. 35) at 12. However, according to Dr. Wood, these diagnoses do not render Thompson incompetent to stand trial. *See id.* at 15. Rather, Dr. Wood concluded: "Overall, Mr. Thompson was able to exhibit and demonstrate sufficient knowledge and understanding of the charges against him. Further, he demonstrated adequate present ability and capacity to consult with his attorney. Therefore, based on the available information ..., Mr. Thompson is not currently suffering from a mental disease or defect rendering him mentally incompetent to the extent he is unable to understand the nature and consequences of the proceedings against him or properly assist in his

defense. Thus, ... Mr. Thompson is currently competent to stand trial." *Id.*

At a competency hearing on December 6, 2017, all parties represented that they had nothing further to submit with regard to whether Thompson is currently competent to stand trial.

Therefore, based upon the psychological evaluations by Dr. Reba-Harrelson and Dr. Woods, and pursuant to 18 U.S.C. § 4241(a), the court concludes that Thompson is not currently suffering from a mental disease or defect such that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

***

Accordingly, it is ORDERED that defendant Adrian Deshawn Thompson is declared mentally competent to stand trial in this case.

DONE, this the 7th day of December, 2017.

    /s/ Myron H. Thompson
    **UNITED STATES DISTRICT JUDGE**