IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL ACTION NO. |
| v. | ) | 2:16cr570-MHT |
| | ) | (WO) |
| ADRIAN DESHAWN THOMPSON | ) | |

OPINION AND ORDER

This cause is before the court on the motion to continue made by defendant Adrian Deshawn Thompson on January 18, 2018. For the reasons set forth below, the court finds that jury selection and trial, now set for January 29, 2018, should be continued pursuant to 18 U.S.C. § 3161(h)(7).

While the granting of a continuance is left to the sound discretion of the trial judge, *see United States v. Stitzer*, 785 F.2d 1506, 1516 (11th Cir. 1986), the court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making

> public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."

§ 3161(c)(1). The Act excludes from the 70-day period any continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." § 3161(h)(7)(A). In granting such a continuance, the court may consider, among other factors, whether the failure to grant the continuance would "result in a miscarriage of justice," § 3161(h)(7)(B)(i), or "would deny counsel for the defendant ... reasonable time necessary for effective preparation, taking into account the exercise of due diligence." § 3161(h)(7)(B)(iv).

The court concludes that, in this case, the ends of justice served by granting a continuance outweigh the interest of the public and Thompson in a speedy trial. Thompson was sent to the Bureau of Prisons for a competency evaluation in July 2017. The court held a

hearing and found Thompson competent to stand trial on December 4, 2017. The government and defense counsel conferred shortly after and determined that, given Thompson's mental-health history and the federal charges he is facing, the case would be better resolved in state court. While the parties have worked diligently toward resolving the case in state court and making the necessary arrangements so that the federal case can be dismissed, they need more time. The current trial date, January 29, just 11 days away, does not provide the parties sufficient time to achieve their joint state-and-federal resolution. Accordingly, a continuance is warranted and necessary to ensure a just outcome for Thompson in this case.

The government does not oppose the continuance.

***

Accordingly, it is ORDERED as follows:

(1) The motion for continuance of defendant Adrian Deshawn Thompson (doc. no. 43) is granted

(2) The jury selection and trial, now set for January 29, 2018, are reset for April 16, 2018, at 10:00 a.m., in Courtroom 2FMJ of the Frank M. Johnson Jr. United States Courthouse Complex, One Church Street, Montgomery, Alabama.

DONE, this the 18th day of January, 2018.

/s/ Myron H. Thompson
**UNITED STATES DISTRICT JUDGE**