IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

UNITED STATES OF AMERICA      )
                              )        CRIMINAL ACTION NO.
     v.                       )          2:16cr570-MHT
                              )             (WO)
ADRIAN DESHAWN THOMPSON        )

OPINION AND ORDER

This cause is before the court on a motion to continue by defendant Adrian Deshawn Thompson. For the reasons set forth below, the court finds that jury selection and trial, now set for April 16, 2017, should be continued pursuant to 18 U.S.C. § 3161(h)(7).

While the granting of a continuance is left to the sound discretion of the trial judge, *see United States v. Stitzer*, 785 F.2d 1506, 1516 (11th Cir. 1986), the court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the

> defendant has appeared before a
> judicial officer of the court in which
> such charge is pending, whichever date
> last occurs."

§ 3161(c)(1). The Act excludes from the 70-day period any continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." § 3161(h)(7)(A). In granting such a continuance, the court may consider, among other factors, whether the failure to grant the continuance would "result in a miscarriage of justice," § 3161(h)(7)(B)(i), or "would deny counsel for the defendant ... reasonable time necessary for effective preparation, taking into account the exercise of due diligence." § 3161(h)(7)(B)(iv).

The court concludes that, in this case, the ends of justice served by granting a continuance outweigh the interest of the public and Thompson in a speedy trial. As the motion states, the parties in this case previously negotiated an understanding, in light of Thompson's mental-health issues, that this case would

best be resolved in state court. Accordingly, this case was continued. However, when counsel for Thompson contacted the government on March 29, 2018, the government responded that it would no longer agree to move this case to state court, and that any resolution of the federal indictment, absent trial, would have to be in the form of a guilty plea. Now expecting to go to trial, defense counsel seeks a continuance in order to prepare effectively for trial, including arranging for an expert witness to provide testimony regarding Thompson's mental state at the time of the offense. In addition, because of the recent birth of a child, defense counsel has had difficulty reaching the expert and ascertaining her availability. While the government originally indicated that it did not oppose a continuance, and the motion was accordingly styled as "unopposed," the government stated on-the-record on April 5, 2018, that it now opposes a continuance. Nevertheless, the court concludes that a continuance is

warranted to allow Thompson's counsel the opportunity to prepare fully and effectively for trial.

\*\*\*

Accordingly, it is ORDERED as follows:

(1) The motion for continuance of defendant Adrian Deshawn Thompson (doc. no. 45) is granted.

(2) The jury selection and trial, now set for April 16, 2018, are reset for August 6, 2018, at 10:00 a.m., in Courtroom 2FMJ of the Frank M. Johnson Jr. United States Courthouse Complex, One Church Street, Montgomery, Alabama.

DONE, this the 6th day of April, 2018.

/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE